IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02501-CMA-BNB

CAROL EVE MOON,

    Plaintiff,

v.

THE CITY OF BOULDER, STATE OF COLORADO;
KRISTEN NOLAN, Boulder Police Officer;
MELANIE PATTERSON, Boulder Police Officer; and
JEREMY FRENZEN, Boulder Police Officer,

    Defendants.

---

**PROTECTIVE ORDER**

---

This matter is before the Court on an Unopposed Motion for Protective Order (**Doc. # _____**), that seeks to preserve the confidentiality and privacy of documents and other information to be exchanged between the parties pursuant to their respective discovery efforts in the above-captioned action. The Court, being fully advised and for good cause, hereby grants the Defendants' Unopposed Motion for Protective Order and **ORDERS** as follows:

    1.    In this action, the Parties anticipate that they will seek the disclosure of Confidential Information (as defined below in Paragraphs 3 and 4) as part of discovery activity in this matter. The disclosure of such Confidential Information outside the scope of this litigation or to unauthorized third persons would or could pose a risk of significant injury to the individual parties' personal privacy or other interests, as well as to the law enforcement and other interests of the municipal defendant, or to the interests of third parties whose personal privacy or business interests might be revealed or impaired in the event of an unauthorized disclosure of Confidential Information. The parties also anticipate that some designated Confidential Information might lead to questioning concerning Confidential Information during the course of depositions in this matter.

2.     This Protective Order is intended to preclude the inappropriate disclosure of Confidential Information to any person or entity not subject to this litigation as defined in this Protective Order.  This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.  As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.     "Confidential Information" includes, but is not limited to, information that is confidential and implicates common law and statutory privacy interests of the Parties in this matter.  *See, e.g.*, *I'mnaedaft, Ltd. v. Intelligent Office Sys.*, LLC, 2009 U.S. Dist. LEXIS 25747 (D. Colo.) (*citing Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005)); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990); *Estate of Rice v. City & County of Denver*, 2008 U.S. Dist. LEXIS 42381 (D. Colo. 2008) (*citing Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980).  *See also*, *Beach v. City of Olathe*, 203 F.R.D. 489 (D. Kan. 2001) (requiring personnel and internal affairs files to be produced pursuant to a protective order).

4.     "Confidential Information" includes, but is not limited to, any document, file, record, transcribed testimony or recording, photograph, or other tangible thing, either in whole or in part, and any response to a discovery request, including any extract, abstract, chart, summary, note, or copy made from such materials, containing information that is confidential, implicates

2

common law or statutory or constitutional privilege, or a privacy interest and that a party to these proceedings designates in the manner provided in Paragraph 5 below as containing Confidential Information, including, but not limited to, the following:

    a)    One or more of the parties' or their representative's employment records or personnel file.

    b)    Otherwise confidential law enforcement files and records, and particularly such files and records as maintained by the Boulder Police Department.

    c)    One or more of the parties' medical records, including mental health records.

    d)    Tax or personal financial records.

    e)    Transcribed deposition or other witness testimony disclosing Confidential Information.

5.    Where Confidential Information is produced, exchanged, provided or otherwise disclosed by a party in response to any discovery request by a party, such information shall be designated as Confidential Information in the following manner:

    a)    By imprinting or stamping the word "Confidential" on the first page or cover of any document, record or thing produced;

    b)    By imprinting or stamping the word "Confidential" next to or above any response to a discovery request; and

    c)    With respect to any transcribed testimony, by giving written notice to opposing counsel designating such testimony, or portions

thereof, as "Confidential" no later than thirty (30) calendar days after receipt of the transcribed testimony.

6. All Confidential Information provided by a party in response to a discovery request, or transcribed testimony designated as such, shall be subject to the following restrictions:

   a) It shall be used only in and for the purpose of this litigation and not for any other purpose whatsoever, whether personal, business or otherwise.

   b) It shall not be communicated, transmitted or disclosed by any party, or any party's legal counsel, representative or agent, either directly or indirectly, to anyone else, except for the purpose of litigating this case and in accordance with the provisions of paragraph seven, below.

7. Individuals authorized to access or review Confidential Information pursuant to this Protective Order, including, but not limited to, the above-captioned parties and their undersigned counsel, support staff utilized by counsel, and consultants and witnesses, shall hold all Confidential Information in confidence and shall not disclose Confidential Information either verbally, in writing, electronically, or otherwise, to the media or any other person, entity or agency not authorized to have access to the same, except as provided in this Protective Order or as otherwise authorized by the Court. Confidential Information shall not be disclosed, revealed, leaked to the media (inadvertently or otherwise), or used for any purpose except the preparation and trial of this case. Third parties engaged by counsel or the parties, and witnesses, must

review and sign a copy of the Confidentiality Acknowledgment specified in Paragraph 8 below prior to reviewing material subject to this Protective Order.

8. Legal counsel for the parties who disclose Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order and ensuring that persons to whom Confidential Information is disclosed shall be fully informed in writing regarding the contents and limitations set forth in this Protective Order, and shall maintain a list or other written record of all persons to whom any Confidential Information is disclosed. Counsel shall utilize the written form of Confidentiality Acknowledgment appended hereto as Attachment A in implementing the provisions of this Paragraph 8. Notwithstanding the foregoing and their obligations to maintain the confidentiality of all Confidential Information identified under the terms of this Protective Order, the parties, their legal counsel and support staff, and stenographic reporters, need not execute a Written Acknowledgment as provided for herein, nor shall any list otherwise required by this Protective Order pertain to such persons.

9. While this action is pending, legal counsel for the parties, on agreement, inspect the list or other record maintained by opposing counsel as required in Paragraph 8 upon a showing of substantial need, such as to establish the source of an unauthorized disclosure of Confidential Information. In the event counsel are unable to agree upon the disclosure of the list or record, then a party may apply to the Court for an appropriate order.

10. No copies of Confidential Information shall be made except by or on behalf of legal counsel for attorney work product purposes in litigating this case, including for review by experts or other witnesses, or for use as exhibits with respect to dispositive or other motions

submitted in accordance with D.C.COLO.LCivR 7.2. Copies shall only be made and used for purposes of this litigation and no other purpose.

11.  Counsel for each party shall retain custody of Confidential Information and all copies thereof as allowed in Paragraph 10 during the course of the litigation.

12.  A party may object to the designation by an opposing party of a document, record, file or other information as Confidential Information by providing written notice of such objection to the opposing party. The written notice shall specifically identify the document or other information to which objection is made. If the parties are unable to resolve the objection within ten (10) business days after notice of the same is received by the designating party, it shall be the burden of the ~~objecting~~ **designating** party to apply by appropriate motion to the Court at the expiration of such ten days for a determination on whether the information should be ~~designated as Confidential Information and~~ subject to the terms of this Protective Order.  If application by motion is made to the Court, the disputed information shall be treated as Confidential Information until the Court rules on the motion. If the designating party fails to timely file a motion as provided for herein, then the disputed information shall not be deemed Confidential Information and shall not be subject to the confidentiality requirements contained in this Protective Order. In any proceeding challenging the designation of a document or other information as confidential, the designating party shall have the burden of establishing the confidential nature of the same.

13.  D.C.COLO.LCivR 7.2 and 7.3 shall govern the submission of any Confidential Information, or contested Confidential Information, to the Court for any purpose.

14.     The terms and conditions of this Protective Order shall survive the termination of this action and the parties, their counsel, and other persons to whom Confidential Information is provided shall not be relieved of the confidentiality obligations imposed by this Protective Order, and the Court shall maintain continuing jurisdiction after the conclusion of the case to enforce the terms thereof.  Any person in possession of Confidential Information at the conclusion of this action shall, after the final resolution of all appeals, or the expiration of the time for the filing of the same, return such information to the producing party's counsel or other source from which it was obtained or destroy all such information; except that legal counsel may retain a single set of all Confidential Information for a period not longer than three years from the final conclusion of the litigation, after which time all retained Confidential Information shall be returned to the source from which it was obtained, or destroyed.  To any extent that any such records are destroyed rather than being returned to their source, counsel, who are responsible for arranging such destruction, shall certify, in writing, that such destruction was accomplished and that all opposing counsel were notified in writing of such destruction.

15.     This Protective Order is not intended to and shall not be construed to waive or adopt any position with regard to the authenticity, relevancy, or admissibility of any document or other information subject to, produced, or disclosed under the terms of this Protective Order, nor shall it be construed as or used to assert a waiver by any party that a particular document, record or other piece of information is properly discoverable.

16.     Nothing in this Order shall relieve any party or legal counsel from their obligations under Fed.R.Civ.R. 26 (b) (5), or from filing a motion as it may deem appropriate or

necessary from time to time seeking additional or different protection from the Court under Fed.R.Civ.R. 26 (c) respecting any confidential or other information.

Dated July 14, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

8